**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **In re:** | § | **Chapter 11** |
| **SABLE PERMIAN RESOURCES, LLC, *et al*** | § | **Case no. 20-33193 (MI)** |
| **Debtors.**[1] | § | **(Jointly Administered)** |

| | | |
|---|---|---|
| EXCALIBUR ENERGY COMPANY, | ) | |
| *Plaintiff,* | ) | **Adversary no.____________** |
| v. | ) | |
| SABLE PERMIAN RESOURCES, LLC, AND SABLE LAND COMPANY, LLC, | ) | |
| *Defendants,* | ) | |

**ORIGINAL ADVERSARY COMPLAINT**

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Sable Permian Resources, LLC (5172); SPR Stock Holdings, LLC (2065); Sable Permian Resources Operating, LLC (3212); SPR Holdings, LLC (3611), SPRH Finance Corporation (1390); Sable Permian Resources Corporation (9049); Sable Permian Resources Finance LLC (6841); SPR Finance Corporation (0359); and Sable Land Company, LLC (7101).

Pursuant to Court Order dated December 8, 2020, Texas Property Code §22.001, 28 U.S.C. §2201, 42 U.S.C. §1983, Texas Business and Commerce Code §9.343 and Texas common law, Plaintiff Excalibur Energy Company, by its undersigned attorney, files this Original Adversary Complaint as follows:

**I.**
**Parties**

1. Plaintiff Excalibur Energy Company is a New Mexico Corporation authorized to transact business in the State of Texas.
2. Defendant Sable Permian Resources LLC is a Delaware corporation and may be served with process through its registered agent at CT Corporation, 1999 Bryan St., Suite 900, Dallas, Texas 75201.
3. Sable Land Company LLC is a Delaware corporation and may be served with process through its registered agent at CT Corporation, 1999 Bryan St., Suite 900, Dallas, Texas 75201.
4. Defendants are referred to herein collectively as "Sable."

**II.**

**Jurisdiction and Venue**

5. This adversary proceeding is related to the above-captioned Chapter 11 case now pending in this Court. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §157(a) and 1334(a), subject to §1334(c).

6. This case is based on a claim arising prior to commencement of the case related to operation of the business of the Debtors. Venue is proper in this Court pursuant to 28 U.S.C. §1409 and §1391(b)(1), subject to §1334(c).

7. A lawsuit by Excalibur against Sable Permian Resource LLC is pending before the 112th District Court, Reagan County, Texas, Cause No. CV02336. The caption is *SH Permian Minerals, LLC v. Sable Permian Resources, LLC, Tom S. Bloxom, individually and as Trustee of the Tom S. Bloxom 2012 Child's Trust No. 2, Deborah Ella Bloxom, individually and as Trustee of the Deborah Bloxom 2012 Child's Trust*. ("State Court Proceeding").

8. Excalibur includes Sable Land Company as a Defendant in this lawsuit because bankruptcy records state indicate that Sable Land Company may now own the Lease at issue in this lawsuit.

9. *Rule 7008 Statement.* Pursuant to Federal Rule of Bankruptcy Procedure 7008, Plaintiff consents to this Court's entry of final judgment with respect to this adversary proceeding.

10. Pursuant to Local Rule 5011-1, Plaintiff requests that the district court withdraw the reference.

## IV.
## Facts

11. Excalibur is the record owner of an undivided 47/96th mineral interest, or alternatively a royalty interest, in Section 220, Block 1, T. & P. R.R. Co. Survey, Reagan County, Texas and Section 6, H.E. & T. R. R. Co. Survey, Reagan County, Texas ("Excalibur Property" or "Section 220 and Section 6").

12. The State Court Proceeding was filed by a non-Debtor party regarding Section 210, Block 1, T. & P. R.R. Co. Survey, Reagan County, Texas ("Section 210). Excalibur does not own Section 210.

13. As a result of the Section 210 lawsuit, Sable suspended Excalibur's Section 220 and Section 6 royalties and revoked Excalibur's division orders.

14. Excalibur claims a royalty interest or, alternatively, a mineral interest of 47/96.

15. Sable owes unpaid royalties which accrued to Excalibur beginning in January 1, 2020 in an amount to be determined in the State Court Proceeding.

16. Sable owes unpaid royalties to Excalibur which followed the March 20, 2020 Notice of Suspension provided by Defendant Sable Permian Resources LLC ("Sable") and/or in this proceeding.

17. In November 2020, Sable Permian Resources LLC ("Sable") paid what it terms "undisputed royalties" for January and February 2020 to Excalibur in the amount of the $52,878.18 via direct deposit. This is believed to reflect a royalty amount of 1/32 or, alternatively 15/256. Excalibur holds the $52,878.18 in its possession but does not ratify the lower royalty amount proffered by Sable.

*A. Relevant deed language.*

18. In 1925 TJ and Ella Owens conveyed a 15/32nd mineral interest to Kenneth Brown. Vol. 9 p. 222. Exhibit A.
19. In 1925 Brown conveyed a 15/32nd interest to Peerless Oil and Gas Company with deed language that closely mirrored the Owens deed. Vol. 9 p. 219.
20. Brown thereby excluded 1/256th from the conveyance to himself.
21. In 1935 Peerless conveyed 15/32 to Cargray. Vol. 20 p. 115.
22. In 1937 Cargray conveyed the interest to Swift. Vol. 20 p. 468.
23. In 1937 Swift conveyed the interest to Seneca. Vol. 21 p. 428.
24. In 1940 Seneca conveyed the interest back to Peerless. Vol. 21 p. 431.
25. Thus, as of 1940, Peerless held the 15/32nd through Brown in Sections 210, 220 and 6.
26. As of 1940 Brown retained a 1/32nd in Section 210, 220 and 6.

*B. Peerless received an additional amount through Owens as to Sections 220 and 6.*

27. Meanwhile after the 1925 conveyance to Brown, Owens held a 1/2 mineral interest, which was excluded from the deed into Brown in Sections 210, 220 and 6. Exhibit A.
28. In January 1938 Owens leased Sections 220 and 6 (but not 210) to Emch. Vol. 20 p. 542. Exhibit B.

29. In August 1938 Owens conveyed an interest in Section 220 and 6 to Emch. Vol. 21 p. 112.

30. Owens obligated themselves to reserve a minimum 1/8 royalty in all future leases. Owens had conveyed a 1/4 mineral interest to Emch (in Sections 220 and 6) and a ½ mineral interest to Brown (in Sections 220, 210 and 6). Owens' deed statement was a covenant running with the land.

31. After the conveyance to Emch, Owens owned ¼ of the minerals under Section 220 and 6. Owens were entitled to 1/32 of production as royalty. Emch owned a like amount.

32. In 1940, Emch conveyed a single fraction deed to Peerless. Vol. 21 p. 325.

33. The granting clause conveyed a 1/48 mineral interest in Sections 220 and 6.

34. As of 1940 Peerless held a 1/48th interest through Owen in addition to the 15/32 it held through Brown.

35. Peerless held 15/32 in Section 210. Peerless held 47/96 in Section 220 and 6 (1/48th plus 15/32).

36. In 1962 Peerless conveyed the 47/96 interest 220 and 6 to Nassau, describing the property as a 47/96 royalty interest. Vol. 84 p. 101, Vol.84 p. 75.

37. In 1962 Nassau conveyed an mineral interest to Fluor Corporation interests in Sections 210, 220 and 6, describing the interest in Section 220 and 6 as a 47/96 royalty interest. Vol 84 p. 84.

38. In 1985 Fluor Oil Corporation conveyed 47/96 interst to Frontier Fuels, Inc. the interest in Sections 220 and 6. Instr. No. 63660, p. 470-71.

39. In 1987 Frontier Fuels, Inc. merged with Primary Fuels.

40. *Excalibur takes the Peerless interest through Geodyne. SH Permian claims its interest through Geodyne.*

41. In 1989 Primary Fuels conveyed to Geodyne Nominee Corporation all its right title and interest in the minerals described therein and relevant to this lawsuit. Vol. 210, p. 113.

42. Geodyne conveyed its 47/96th interest in Section 220 and 6 to Excalibur in 2007. Vol 85 p. 477. Exhibit C p. 163. Geodyne retained its 15/32 interest in Section 210.

43. The deed uses language indicating conveyance of a mineral interest and describes Excalibur's interest in Section 220 and 6:

> WELL: Owens 220 no.1
> LOCATION: Section 220, Block 1, T& P Ry Co. Survey
> Reagan County, Texas
> An undivided 47/96th royalty interest in and to all of the oil, gas and other minerals in and under or that may be produced from the following described lands in Reagan County, Texas.
> Block 0, Certificate 971, HE &WT Ry. Co. Survey
> Survey 6: All
> Block 1, Certificate 1/105, T&P Ry Co. Survey
> Survey 220: All
> THE ABOVE DESCRIBED WELL OR WELLS AND ITS/THEIR APPLICABLE LOCATION ARE FOR REFERENCE PURPOSES ONLY, AND SAID DESCRIPTIONS ARE NOT INTENDED TO LIMIT THE RIGHTS HEREIN CONVEYED TO A WELL BORE

RIGHT UNLESS OTHERWISE SPECIFICALLY STATED IN THE ASSIGNMENT TO WHICH THIS EXHIBIT "A" IS ATTACHED.

44. Thus, as of 2007 and since that time, Excalibur has owned a 47/96th interest in the minerals under Sections 220 and 6 and has at all relevant times prior to January 1 2020 received royalties reflecting that interest.

45. In 2016 Goedyne conveyed its 15/32 interest in Section 210 to SH Permian. Vol. 267 p. 799.

46. On page 805 the interest into SH Permian is described as Survey: T&P RR Co, Abstract: 883, Block 1, NJ Section: 210. The document references the Geodyne deed as follows: "Pursuant to assignment, bill of sale and conveyance executed March 1, 1989 but effective July 1, 1988 between Primary Fuels, Inc. (Assignor) and Geodyne Nominee Corporation (Assignee) as recorded in Reagan County, Texas Book 260, Page 113, Document no. 71974." As stated that conveyance recognized the interest conveyed in Section 210 as 15/32.

47. Sable incorrectly calculated royalties owed to SH Permian. SH Permian sued Sable to claim its rightful royalties related to Section 210 in the State Court Proceeding.

48. Sable suspended royalties and revoked division orders related to Sections 210, 220 and 6 on February 28, 2020.

49. Excalibur intervened in the State Court Proceeding seeking release of the royalties Sable held in suspense.

50. On information and belief, Sable holds other property owned by Excalibur.

*C. Sable's conduct during the bankruptcy.*

51. In July 2020 Sable opposed a Motion for Relief from Stay that did not include any suggestion that stay relief would interfere with a property sale that was proposed prior to notice to Excalibur.

52. Excalibur had and has no opposition to sale of the Owens-Emch Lease.

53. The stay relief motion could have been worked out if a sale in the ordinary course of business had been undertaken pursuant to Section 363(b).

54. Instead, as the sale motion disclosed, Sable sought to use Excalibur's royalties to fund its bankruptcy. Such a procedure could not be accomplished under Section 363(b) without a threshold showing by Sable that it owns an interest in Excalibur's accrued royalties.

55. Excalibur timely objected to application of Section 363(f) and other sale provisions that affected Excalibur's property.

56. Sable has not at any time denied Excalibur's assertion that Excalibur's royalties are not included as property of Sable's bankruptcy estate.

57. Sable has not at any time asserted any ownership interest in Excalibur's royalties at issue in this lawsuit.

58. Sable did seek to prove any interest in Excalibur's property or royalties in general held by Sable as a threshold to appropriating the property under 11 U.S.C. §§363 and/or 365.

59. Excalibur objected to Sable's Motion for Extension of Time to Assume or Reject Leases on the basis that precedent holds that Section 365 does not apply to mineral leases.

60. Even though Sable did not deny that Excalibur's legal position was correct and did not raise a colorable claim for overruling the precedent, Sable included mineral leases in its extension of time relief. No extension of time is necessary for Sable to assume any lease in the ordinary course of business. The only apparent reason to apply such a provision would be to impair any Excalibur security interest, assertion of which is not necessary because Excalibur's property ownership is not questioned.

61. Sable notified Excalibur on March 20, 2020 that it had suspended "future royalties."

62. On and after September 25, 2020, Excalibur demanded payment of January and February 2020 royalties pursuant to the Texas Natural Resources Code. Sable did not respond pursuant to the Code within 30 days.

63. Excalibur filed a Motion to Compel Royalty Payments and Segregation of Funds alleging that it was required by a bankruptcy court order.

64. Sable's Objection indicated that the January and February 2020 royalties were held in suspense pending a determination of percentage ownership by in the State Court Proceeding.

65. Sable, however, chose not to agree to resolution of the issue. The Court ruled in favor of Sable by denying Excalibur's Motion for Royalty Payments and Funds Segregation.

66. The status of Excalibur's January and February 2020 royalties is not clear.

67. The Court ordered Excalibur to file an adversary proceeding to determine whether Excalibur's property would be segregated. The Court did not first require that Sable prove that it had an ownership interest in the property and did not require Sable to file an adversary proceeding to prove that it holds an interest in Excalibur's property.

68. On December 2, 2020, Sable filed an Emergency Motion which appended the Plan and Disclosure Statement. The Motion stated it only sought a scheduling order, but it also sought approval of Section 365 Assumption and Rejection provisions that were filed on June 26, 2020, prior to notice to any creditors. The procedures cite a link which at one time may have listed unexpired leases, but the link does not include a list now. The official list of unexpired leases filed with the Court did not include any mineral leases.

69. Sable's conduct in seeking to appropriate Excalibur's royalties, together with the Emergency Motion, the Plan and the Disclosure Statement failed to apply necessary procedural safeguards.

70. Sable's conduct and December 2, 2020 filings sought to 1) require unnecessary assertion of a security interest because the property is owned by Excalibur and Sable owns no portion; 2) assert an interest in Excalibur's royalties without any threshold showing that Sable owns an interest; and 3) single out Excalibur for some sort of zero damages cramdown under the plan which is not available to it under bankruptcy law.

71. As such 11 U.S.C. §365 and/or §363 violate the Due Process Clause of the United States Constitution as applied.

72. Excalibur reserves the right to amend this Complaint.

## IV.
## Count I
## Request for Declaratory Relief

73. Excalibur realleges paragraphs 1 through 72 as if fully set forth as part of this Count I.

74. An actual controversy exists within this jurisdiction and this Court can declare the legal rights and relations between and among Excalibur and Sable.

75. Sable has not denied that Excalibur owns an undivided mineral or royalty interest in Sections 220 and 6.

76. Sable has not denied that Excalibur was paid a correct royalty amount since its purchase of the interest in 2007 and after Sable purchased the property in about 2018 until December 31, 2020. Division orders are attached as Exhibit D.
77. Sable does not own an interest in Excalibur's royalties held by Sable sufficient to include the royalties in Sable's bankruptcy estate.
78. Excalibur alleges a mineral interest under the 5, 10 and 25- year limitations statute. Tex. Civ. Prac. and Rem. Code §§16.025, 16.026, 16.028.
79. Excalibur holds its property under a deed. Exhibit A.
80. Operator Sable Permian suspended Excalibur's royalties on January 1, 2020. Exhibit B (lease); Exhibit C (deed).
81. Operator Sable Permian revoked Excalibur's division orders on February 28, 2020. Exhibit D.
82. Sable holds Excalibur's royalties in suspense pursuant to Texas Natural Resources Code §91.402.
83. The royalties held in suspense include accrued January and February 2020 royalties in an amount set forth in division orders in place at that time.
84. Alternatively, Sable is required to pay Excalibur's January and February 2020 royalties in the amount set forth in the division orders in place at that time.

85. Excalibur's royalties held by Sable are not included in the property of Sable's bankruptcy estate.

86. All royalties owned by Excalibur that Sable claims are disputed in the pending State Court Proceeding must be included in the Carve Out Reserve under the Plan until the correct percentage is determined in the State Court Proceeding or Order of any Court of appropriate jurisdiction.

87. 11 U.S.C. §363 violates the Due Process Clause of the United States Constitution as applied by Sable to mineral owners in this proceeding, alternatively to Excalibur.

88. 11 U.S.C. §365 violates the Due Process Clause of the United States Constitution as applied by Sable to mineral owners in this proceeding, alternatively to Excalibur.

89. As a proximate result of Sable's conduct, Excalibur was required to incur reasonable and necessary attorneys' fees and costs.

**PRAYER**

WHEREFORE, Plaintiff Excalibur Energy Company respectfully requests that this Court enter judgment in favor of Excalibur and against Defendants, jointly and severaly, as follows:

1. declaring that Excalibur owns the royalties held by Sable;

2. declaring that Excalibur's royalties are not included in Sable's bankruptcy estate.

3. declaring that Sable is required to hold Excalibur's January 1, 2020 and forward royalties in suspense until a court of appropriate jurisdiction determines the correct percentage mineral ownership;

4. declaring that Sable does not have an ownership interest in Excalibur's royalties held by Sable;

5. declaring that Excalibur's royalties are intended for placement in the in the Cash Out Reserve pursuant to the Plan until directed to pay the royalties to Excalibur by a court of appropriate jurisdiction;

6. declaring that 11 U.S.C. §365 violates the Due Process Clause of the United States Constitution as applied.

7. declaring that 11 U.S.C. §363 violates the Due Process Clause of the United States Constitution as applied.

8. awarding attorneys' fees and costs for any determination made under 28 U.S.C. §2201.

9. . awarding any additional relief at law or in equity to which it justly may be entitled.

Dated: December 9, 2020.

*Respectfully submitted,*

**Yocom Rine Law Offices**
/s/ Jana Rine

---

Jana Rine
SBN 11081400
2150 S. Central Expressway
Suite 200
McKinney, Texas 75072
Jrine@yocomrinelaw.com
972-439-2761

*Attorney for Excalibur Energy Company*

**Certificate of Service**

I certify that a copy of the foregoing document was served on all parties of Record via CM/ECF and email transmission on December 9, 2020.

/s/ Jana Rine

---

Jana Rine